**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD WESTLEY REEVES, JR., | 3:17-cv-00562-MMD-CBC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**[1] |
| SHERIFF DAN WATTS, ET. AL., | |
| Defendants. | |

Before the court is Defendants' Sheriff Dan Watts, Capt. Scott Henroid, Lt. Sawyer, and Sergeant Mingo (collectively "Defendants") motion to dismiss or otherwise sanction for plaintiff's failure to attend own deposition. (ECF No. 29). Reeves failed to file an opposition. Defendants, however, filed a reply brief in support of their motion. (ECF No. 31). Having considered the above, it is recommended that Defendants' motion be granted.

**I.    BACKGROUND**

   A.    Facts and Procedural History

Reeves was an inmate in the custody of the White Pine County Jail ("WPCJ"). (ECF Nos. 10, 11). While in custody, Reeves' submitted a civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging that his rights were violated when several employees of WPCJ failed-to-protect him from a physical attack by a fellow inmate that caused him injury. (ECF No. 11). Reeves' also moved to proceed with his action *in forma pauperis*. (ECF No. 6). On September 17, 2018, the court granted Reeves's motion and screened his

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

complaint pursuant to 28 U.S.C. 1915 concluding that Counts I and II should proceed. (*Id.*)

Defendants were served with the complaint and filed their answer on November 2, 2018. (ECF No. 13). The court then entered a scheduling order setting the discovery deadlines. (ECF No. 17). Due to Reeves's confinement, Defendants requested permission to take his deposition. (ECF No. 23). The court granted the motion by minute order. (ECF No. 24). However, the minute order mailed to Reeves was returned undeliverable because Reeves was previously released from prison and failed to provide his new address to the court. (ECF No. 25). On January 8, 2019, Reeves filed a notice of change of address with the court via the CM/ECF system providing his new address. (ECF No. 27).

Thereafter, on January 15, 2019, Defendants served Reeves with a "notice of deposition" indicating that his deposition was scheduled to be taken on February 1, 2019 at 1:00 p.m. in Reno, Nevada. (ECF No. 29-1). This notice was mailed via U.S. Mail to the new address provided by Reeves the previous week. (ECF No. 29 at 2). Reeves did not object to or respond any way to the Notice of Deposition. Nor did he seek any protective order from the court to prohibit his deposition from moving forward on the scheduled date and time. In spite of this, Reeves failed to attend his deposition as scheduled.

In the meantime, Defendants also served Reeves with written discovery requests on January 15, 2019. (ECF No. 31 at 3). Reeves was required to respond to these requests by no later than February 28, 2019. (*Id.*) To date, Reeves has also failed to respond to these discovery requests. (*Id.*)

B.   Motion to Dismiss

On February 6, 2019, Defendants moved to dismiss this case, or impose other sanctions on Reeves, due to his failure to attend his deposition. (ECF No. 29). Defendants argued dismissal was proper pursuant to Federal Rule of Civil Procedure 37(d) and 28 U.S.C. § 1915. (Id. at 3-4). The court issued a minute order advising

2

Reeves of his obligations to file an opposition or response to this motion pursuant to *Klingele v. Eikenberry* and *Rand v. Rowland*. (ECF No. 30). Reeves's opposition was due on or before Monday, February 25, 2019, however, he failed to file any opposition or responsive document. (ECF No. 31 at 2).

On March 2, 2019, Defendants filed their reply brief. (ECF No. 31). Defendants argue pursuant to Local Rule 7-2(d), the failure of Reeves to file a memorandum of points and authorities in opposition to Defendant's motion is another basis for the court to grant the motion. (*Id.* at 2). After reviewing the reply brief, the court entered a minute order *sua sponte* granting Reeves an extension of time to file an opposition or responsive document on or before March 22, 2019. (ECF No. 32). However, Reeves did not file any opposition or response.

## II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37(d), a party who fails to attend their own deposition or respond to interrogatories, may be sanctioned. Fed. R. Civ. Pro. 37(d)(1)(A)(i) & (ii), (d)(3). The sanctions permitted include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. Pro. 37(b)(2)(A)(v). In addition, when the court imposes sanctions for these types of discovery failures, "the court must require the party failing to act . . . to pay reasonable expenses, including attorney's fees . . . unless . . . . other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(d)(3).

In addition, "the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for - attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

After reviewing the documents on file and the docket in this case, the court finds that Defendants' motion to dismiss should be granted. First, Reeves failed, without explanation to attend his properly noticed deposition. In addition, Reeves has failed to respond to properly served discovery requests, including interrogatories and requests for admission. Based on the information provided, it appears that Reeves has made no effort to contact Defendants' or their counsel to address any of these failures nor does it

3

1   appear that Reeves has delivered any discovery requests on his own in order to pursue
2   the prosecution of this case. This a sufficient basis to sanction Reeves pursuant to Rule
3   37, and based on Reeves's failures to attend his deposition, participate in discovery or
4   otherwise pursue this case, dismissal of this action is appropriate.[2]

5   The motion should also be granted due to the failure to file an opposition or other
6   responsive document to Defendants' motion. Reeves was on notice of his obligation to
7   file a responsive to document to Defendants' motion pursuant to the court's order
8   advising him of his obligations pursuant to *Klingele v. Eikenberry* and *Rand v. Rowland*.
9   (ECF No. 30). However, when Reeves did note file a timely opposition, the court – *sua*
10  *sponte* – provided Reeves an extension of time to file an opposition up to and including
11  March 22, 2019. (ECF No. 32). Reeves again failed to file any opposition or responsive
12  document. The court construes the repeated failures of Reeves to file an opposition or
13  responsive document to constitute his consent that Defendants' motion should be
14  granted in his entirety. LR 7-2(d).

## III.   CONCLUSION

16  For all of the reasons stated above, it is recommended that Defendants' motion to
17  dismiss (ECF No. 29) be granted. The parties are advised:

18  1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
19  Practice, the parties may file specific written objections to this Report and
20  Recommendation within fourteen days of receipt. These objections should be entitled
21  "Objections to Magistrate Judge's Report and Recommendation" and should be
22  accompanied by points and authorities for consideration by the District Court.

23  2.   This Report and Recommendation is not an appealable order and any
24  notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of
25  judgment.

---

[2] Reeves was incarcerated when he initiated this lawsuit and he was granted *in forma pauperis* status. Therefore, the court finds that it would be unjust to require Reeves to pay any expenses or fees as a part of this sanction. *See* Fed. R. Civ. Pro. 37(d)(3).

4

## IV. RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 29) be granted.

**IT IS FURTHER RECOMMENDED** that that the Clerk **ENTER JUDGMENT** and close this case.

DATE: April 15, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**